IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BETTY STEWART; | § | |
| JIMMY STEWART; | § | |
| ALYSSA CHRISTIAN STEWART; | § | |
| SAVANNAH BROOKE STEWART; | § | |
| COLE STEWART; and | § | CIVIL ACTION NO. 4:21-cv-597 |
| DEAN GLENN STEWART | § | JURY |
| | § | |
| v. | § | |
| | § | |
| TARRANT COUNTY, TEXAS; *et al.* | § | |

**PLAINTIFFS' RESPONSE TO
DEFENDANT TARRANT COUNTY'S MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COME Plaintiffs, Betty Stewart, *Individually and as Representative of the* Estate of Dean Stewart, Jimmy Stewart, Alyssa Christian Stewart, Savannah Brooke Stewart, Cole Stewart, and Dean Glenn Stewart, filing this, their *Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' First Amended Original Complaint,* and showing unto the Court in response to *Defendant Tarrant County's Motion to Dismiss Plaintiffs' First Amended Original Complaint and Brief in Support* (D.E. 25) as follows:

**I.
CLAIMS/ISSUES PRESENTED**

On April 26, 2021, Plaintiffs filed their *Plaintiffs' Original Complaint*, wherein Plaintiffs alleged, *inter alia*, that Defendant Tarrant County, Texas (hereinafter occasionally referred to as "Defendant County") is liable for the death of Dean Stewart (hereinafter occasionally referred to as "Dean") pursuant to 42 U.S.C. §1983 (hereinafter "§1983") and/or 42 U.S.C. §12102, *et al.* (hereinafter "ADA").

On July 7, 2021, Defendant County filed its *Defendant Tarrant County's Motion to Dismiss, and Alternative Motion for More Definite Statement, Motion to Abate, and Brief in Support* (D.E. 7), wherein Defendant County argued, *inter alia*, that Plaintiffs failed to properly plead their §1983 and ADA claims.  In response, Plaintiffs filed their *Plaintiffs' Response to Defendant's Motion to Dismiss* (D.E. 16) on October 2, 2021.  Following a reply (D.E. 17) by Defendant County, this Court entered its *Order* (D.E. 20), wherein the Court denied Defendant County's relief as to Plaintiffs' ADA claims, granted Defendant County's relief as to Plaintiffs' §1983 claims and granted Plaintiffs' request to amend their live complaint.

In accordance with the Court's directive and in order to clarify certain issues concerning the parties and/or facts, Plaintiffs filed on December 29, 2021, their *Plaintiffs' First Amended Original Complaint*.

On January 12, 2022, Defendant County filed its *Defendant Tarrant County's Motion to Dismiss Plaintiffs' First Amended Original Complaint and Brief in Support* (D.E. 25) (hereinafter occasionally referred to as "*Defendant County's Motion to Dismiss*" and/or "*Motion to Dismiss*"), wherein Defendant County argues again that Plaintiffs failed to properly plead their §1983 and ADA claims.  In response thereto, Plaintiffs file the instant pleading.

## II.
## RESPONSE, ARGUMENT AND AUTHORITIES

A.  **§1983 CLAIMS**

In *Defendant County's Motion to Dismiss*, Defendant County moves ostensibly, pursuant to FED. R. CIV. P. 12(b)(6), for the District Court to dismiss Plaintiffs' §1983 *Monell* liability claims. Plaintiffs would point out that historically, a Motion to Dismiss under 12(b)(6) is typically not appropriate unless Plaintiffs' pleadings on their face show that they cannot prove any set of facts that would entitle them to relief. *Garrett v. Commonwealth Mortgage Co.*, 938 F.2d 591, 594

(5th Cir. 1991). In this cause, Plaintiffs are alleging, *inter alia*, that Defendant County violated the Civil Rights Act of 1871, now codified as 42 U.S.C. §1983. In particular, Plaintiffs have alleged numerous avenues of recovery against Defendant County, which if proven, would entitle them to the relief requested. Because a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint and merely challenges a plaintiff's right to any relief based upon the stated facts, Defendant County's *Motion to Dismiss* must fail. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). The issue in a Motion to Dismiss is not whether a plaintiff will prevail, but whether the plaintiff should have the ability to offer evidence in support. *Doe v. Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir. 1996). Plaintiffs should be afforded that opportunity.[1] Because a motion to dismiss under 12(b)(6) is not appropriate when Plaintiffs have plead *plausible* claims, Defendant County's *Motion to Dismiss* should be denied.

1. ***Leatherman is Binding***

Although Defendant County has cited to numerous cases regarding a plaintiff's *Monell* liability pleading requirements, the simple fact is that such blatantly ignores the United States Supreme Court's opinion concerning same. In that regard, the United States Supreme Court unequivocally abrogated any "heightened pleading requirement"[2] (asserted by Defendant County) for actions against municipalities in *Leatherman v. Tarrant County Narcotics Intelligence and*

---

[1] In its *Motion to Dismiss*, Defendant County itself makes Plaintiffs' point (that additional discovery concerning training and/or similar/comparable incidents is warranted and in the control of Defendant County) best when it snidely points out that it was only with the County's assistance that additional information concerning the instant case was made available for the purpose of completing/drafting a more accurate *Plaintiffs' First Amended Original Complaint*. *Defendant County's Motion to Dismiss*, p. 4, ¶3.

[2] In 1985, the Fifth Circuit first created a heightened pleading requirement in §1983 actions asserting claims against public officials who might be entitled to an immunity defense. *Elliot v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985). In no uncertain terms, this ruling required a plaintiff to anticipate a defendant's assertion of an immunity defense in the initial complaint, and "alleg[e] with particularity all material facts on which [the plaintiff] contends . . . will establish his right to recover which will include detailed facts supporting the contention that the plea of immunity cannot be sustained." *Id*.

*Coordination Unit,* 507 U.S. 163, 166-67, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). *Anderson v. Pasadena Independent School Dist.,* 184 F.3d 439, 443 (5th Cir. 1999) (recognizing that *Leatherman* invalidated the use of heightened pleading in a § 1983 case premised on municipal liability). In *Leatherman*, the United States Supreme Court specifically found (in resolving a conflict among the Courts of Appeals concerning pleadings requirements in §1983 causes of action and in reversing the Fifth Circuit Court regarding same[3]) as follows, in pertinent part[4]:

> Respondents seek to defend the Fifth Circuit's application of a more rigorous pleading standard on two grounds. First, respondents claim that municipalities' freedom from *respondeat superior* liability, see *Monell, supra,* necessarily includes immunity from suit. In this sense, respondents assert, municipalities are no different from state or local officials sued in their individual capacity. Respondents reason that a more relaxed pleading requirement would subject municipalities to expensive and time-consuming discovery in every §1983 case, eviscerating their immunity from suit and disrupting municipal functions.
>
> This argument wrongly equates freedom from liability with immunity from suit. To be sure, we reaffirmed in *Monell* that "a municipality cannot be held liable under §1983 on a *respondeat superior* theory." But, contrary to respondents' assertions, this protection against liability does not encompass immunity from suit. Indeed, this argument is flatly contradicted by *Monell* and our later decisions involving municipal liability under § 1983. In *Monell,* we overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), insofar as it held that local governments were wholly immune from suit under §1983, though we did reserve decision on whether municipalities are entitled to some form of limited immunity. Yet, when we took that issue up again in *Owen v. City of Independence,* 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980), we rejected a claim that municipalities should be afforded qualified immunity, much like that afforded individual officials, based on the good faith of their agents. These decisions make it quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit-either absolute or qualified-under §1983. In short, a municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury. **We thus have no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government**

---

[3] Without squandering effort on the obvious, prior to 1992, many federal courts followed suit and the Fifth Circuit continued to impose "special" or "heightened" pleading burdens for §1983 complaints. See *Lewis v. Woods*, 848 F.2d 649 (5th Cir. 1988); *Palmer v. San Antonio*, 810 F.2d 514 (5th Cir. 1987); *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Morrison v. Baton Rouge*, 761 F.2d 242 (5th Cir. 1985).

[4] Plaintiff understands that the foregoing cite is rather voluminous in nature, but is extremely important in this Court's determination in this case and is much better phrased than paraphrased.

3

**officials**.

Second, respondents contend that the Fifth Circuit's heightened pleading standard is not really that at all. According to respondents, the degree of factual specificity required of a complaint by the Federal Rules of Civil Procedure varies according to the complexity of the underlying substantive law. To establish municipal liability under §1983, respondents argue, a plaintiff must do more than plead a single instance of misconduct. This requirement, respondents insist, is consistent with a plaintiff's Rule 11 obligation to make a reasonable prefiling inquiry into the facts.

**But examination of the Fifth Circuit's decision in this case makes it quite evident that the "heightened pleading standard" is just what it purports to be: a more demanding rule for pleading a complaint under §1983 than for pleading other kinds of claims for relief**. This rule was adopted by the Fifth Circuit in *Elliott v. Perez,* 751 F.2d 1472 (1985), and described in this language:

"In cases against governmental officials involving the likely defense of immunity we require of trial judges that they demand that the plaintiff's complaints state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Id.,* at 1473.

. . .

We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we said in effect that the Rule meant what it said:

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.,* at 47, 78 S.Ct., at 103 (footnote omitted).

Rule 9(b) does impose a particularity requirement in two specific instances. It provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, **the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under §1983**. *Expressio unius est exclusio alterius.*

4

> The phenomenon of litigation against municipal corporations based on claimed constitutional violations by their employees dates from our decision in *Monell, supra,* where we for the first time construed §1983 to allow such municipal liability. **Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under §1983 might be subjected to the added specificity requirement of Rule 9(b).** But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. **In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims** sooner rather than later.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164-169, 113 S.Ct. 1160, 1161 - 1163 (1993) (citations omitted) (**emphasis added**). In short, Defendant County abdicates (perhaps understandably based on the Fifth Circuit's faulty/shaky interpretation) for what *Leatherman* expressly does not require – a greater particularity of Plaintiffs' pleadings. To date, Plaintiffs cannot find that *Leatherman* has been overruled by *Iqbal*, *Twombly* or otherwise.

Without engaging such approach (but certainly questioning the validity and/or continued validity of it), Plaintiffs would assert that such validity has been certainly called into question given the United States Supreme Court's further decisions. Following *Leatherman*, the Supreme Court had ample opportunities to address the viability of the *Leatherman* opinion and has repeated what it had said in rejecting any heightened pleading requirements – that a simplified notice pleading standard relies on liberal discovery rules and <u>summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims</u>. See *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). In clearer particularity, the Supreme Court reiterated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions" such as averments of fraud or mistake. *Swierkiewicz* at 513. Accordingly, and without any further decisions on such issue by the Supreme Court, it would seem that the answer is quite clear and that any attempt by the Fifth Circuit to "heighten" the pleading requirements is improper. But then came *Iqbal* and

5

*Twombly*.

In 2007 the United States Supreme Court issued *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 (2007), wherein the Supreme Court – in determining the sufficiency of pleading in an anti-trust competition case – stated that under Rule 8(a)(2) notice pleading, only some factual allegations of the nature of the claim and the grounds on which the claim rests were necessary, and while "heightened fact pleading of specifics" were not required, there must be "enough facts to state a claim to relief that is plausible on its face." *Twombly* at 570. In follow-up to *Twombly* in 2009, the Supreme Court issued *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) wherein the Supreme Court – in addressing immunity claims in the context of a *Bivens* action against the F.B.I. Director and a former Attorney General – again references the concept that a complaint must be "nudged . . . across the line from conceivable to plausible." *Iqbal* at 680. Plaintiffs do not take issue with such rulings and the idea that an implausible pleading might be summarily dismissed. Instead, it is the use of such decision to support the Fifth Circuit's reinstituted vigor and continued efforts to demand "heightened pleadings" (over and above "plausible" ones) that Plaintiffs take issue with.

In further support of their assertion that *Leatherman* has not been supplanted and/or overruled, Plaintiffs believe that *Ashcroft v. Iqbal* provides some interesting guidance. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). It is important to remember that the decision in *Iqbal* was rendered in the shadow of 9/11 and its aftermath. Additionally, it should be pointed out that *Iqbal* brought a *Bivens* action against federal officials, specifically the F.B.I., its Director and the former Attorney General when he was arrested on criminal charges and detained under "restrictive conditions." *Id* at 1939. With such in mind, *Iqbal* has stated as follows:

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. ... A claim has facial plausibility when the plaintiff pleads factual

6

> content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id* at 1949-50 (citations, internal punctuation omitted). The Court in *Iqbal* also recognized as follows:

> [D]etermining whether a complaint states a plausible claim is context-specific, requiring the court to draw on its experience and **common sense** . . . When there are well-plead factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id* at 1940-41 (citations, internal punctuation omitted) (**emphasis added**).

In short and based on the guidance provided by the United States Supreme Court, Defendant County's *Motion to Dismiss* based on Plaintiffs' *Monell* liability pleadings should be denied.

    2.    ***Iqbal and Twombly Satisfied***

Even assuming that *Iqbal* or *Twombly* were meant to increase a plaintiff's pleading burden beyond the *Leatherman* notice requirement, it is readily apparent that while such might apply to individual claims, it does not apply to *Monell* issues and that even if that were not the case, that the *Monell* issues at hand (training, past misconduct, supervision, ratification or otherwise) – based on the facts of this case where Dean committed suicide despite being in custody to prevent same and during a period of time when Defendant County's medical treatment of inmates was deplorable at best – are certainly "plausible" on their face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965-66 (2007).

In the instant case, when this Court draws on its experience and common sense, it is clear that Plaintiffs have plead numerous avenues of recovery against Defendant County under §1983 that allow this Court to draw reasonable inferences that Defendant County *could be* liable. While the interpretation in the aftermath of *Iqbal* and *Twombly* has been – to say the least – varied,

7

numerous Courts have allowed "generic or boilerplate" assertions for grounds of municipal liability. See, *e.g.*, *Charles v. Galliano,* 2010 WL 3430519, at *6 (E.D.La. 2010); *Dwyer v. City of Corinth*, 2009 WL 3856989, at *9 (E.D.Tex. 2009); *Abdulkhalik v. City of San Diego*, 2009 WL 4282004, at *10 (S.D.Cal. 2009); *Gearin v. Rabbett*, 2011 WL 317728, at *9 (D.Minn. 2011). In *Dwyer*, the Court, in determining that the plaintiff had alleged sufficient facts concerning municipal liability, the Court specifically found as follows:

> The Supreme Court has expressly prohibited the application of a heightened pleading standard to section 1983 claims against municipalities. *Jones v. Bock*, 549 U.S. 199, 212-13, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). Instead, a plaintiff need only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief." *Id*. "Boilerplate" allegations of inadequate municipal policies or customs are generally sufficient. See *Whittington v. City of Cuero*, No. 6:06-CV-00011, 2007 WL 951864, *4 (S.D.Tex. March, 28, 2007); See also *Jacobs v. Port Neches Police Dept.,* No. 1:94-CV-767, 1996 WL 363023, *13-15 (E.D.Tex. June, 26, 1996); *DeFrancis v. Bush*, 839 F.Supp. 13, 14 (E.D.Tex.1993).
>
> Plaintiff has alleged that the policy or custom of Defendants, which includes poor training and discipline of law enforcement officers, played a part in the deprivation of his rights. While the allegations alleged by Plaintiff, standing alone, do not contain the sort of specificity normally required, the allegations are nonetheless sufficient to withstand a motion to dismiss at the pleadings stage. See *Jacobs*, No. 1:94-CV-767, 1996 WL 363023 at *15 (allegations sufficient at pleadings stage that state "defendant ... failed to adequately train and supervise its officers"); See also *Defrancis*, 839 F.Supp. at 14 (complaint alleged that "policy, custom, or tradition" played part in deprivation of rights, and the policy or custom included poor training of police personnel). Plaintiff need not set forth all the details of his case against a municipality under section 1983 at the pleadings stage. *Leatherman*, 507 U.S. at 168. Based on the Court's "judicial experience and common sense," Plaintiff's alleged facts give rise to a plausible entitlement to relief under the FHA. *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555.). Taken as true, Plaintiff's allegations could plausibly entitle Plaintiff to relief under section 1983. Therefore, the Court recommends that Defendants' motion to dismiss Plaintiff's section 1983 claims against the City of Corinth for a failure to properly train and discipline officers and for improper retention should be denied.

*Dwyer v. City of Corinth*, 2009 WL 3856989, at *9 (E.D.Tex. 2009).

As previously noted, Federal Rule of Civil Procedure 8 states that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). Clearly, Plaintiffs' live complaint demonstrates that they have plead well beyond the standard required under the Federal Rules. Plaintiffs' reasoning is further supported by Federal Rules of Procedure 11, wherein it is stated that the representations made to the Court require that "the factual contentions have evidentiary support <u>or</u>, if specifically so identified, <u>will likely have evidentiary support after a reasonable opportunity for further investigation or discovery</u>." FED. R. CIV. PRO. 11(b)(3) (<u>emphasis added</u>). In this case, **no** discovery has been conducted beyond the initial disclosures (which yielded additional information not otherwise known to the Plaintiffs and/or this Court). The United States Supreme Court has stated that "if there are conflicts in the allegations regarding the actions taken by the [] officers, discovery may be necessary." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Purely based on the mere fact that *so many* concerns exist with the conduct leading to Dean's death, Plaintiffs should be allowed to conduct discovery concerning how such calamities are allowed to occur, what, if any, training is actually provided and/or what other events might exists that would provide notice – if necessary – to Defendant County that concerns exist(ed).

Contrary to Defendant County's apparent belief that *Letherman* has been retired by *Iqbal/Twombly*, post *Iqbal/Twombly* cases seem to indicate otherwise. Just two weeks after the decision in *Twombly*, the United States Supreme Court in *Erikson v. Pardus* applied notice pleadings to a pro se prisoner's §1983 medical treatment complaint. *Erickson v. Pardus*, 551 U.S. 89 (2007). The ruling in *Erikson* specifically held that the plaintiff prisoner's §1983 claim satisfied Federal Rule 8's <u>notice pleading standard</u>. See *Erikson* at 2200 (<u>emphasis added</u>). Even though,

9

it was necessary in 2011 for the United States Supreme Court to issue *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), wherein the Court, in reversing the Fifth Circuit's decision affirming the dismissal of a 1983 case involving DNA evidence in a criminal case, cited to *Swierkiewicz* (in lieu of *Iqbal* and *Twombly*) when describing the federal pleading standard. And in 2014, the United States Supreme Court in *Johnson v. City of Shelby*, 574 U.S. 10 (2014), again in reversing the Fifth Circuit, reaffirmed *Leatherman* and *Swierkiewicz* and confirmed in no uncertain terms that there is "no heightened pleading" requirement for civil rights claims against municipalities. *Johnson* at 11-12.

This Court should also remember the fundamental tenet of Rule 12(b)(6) which the Supreme Court did not change in its rulings in *Twombly* and *Iqbal* – the rule that inferences are to be drawn in favor of the nonmoving party. Moreover, the plausibility standard is less than the standard applicable in the summary judgment context. See *Al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009). Thus, even were this Court to determine that the facts alleged by Plaintiffs in their live complaint would probably be insufficient to defeat a motion for summary judgment, those same facts can amply satisfy the *Iqbal* plausibility standard and should allow for discovery on *Monell* issues. See *Id*.

Accordingly, Defendant County's *Motion to Dismiss* should be denied.

3. **_Policy Maker & Moving Force_**

In *Defendant County's Motion to Dismiss*, Defendant County additionally asserts again that this Court should dismiss Plaintiffs' cause of action because they failed to plead a "policymaker" for purposes of §1983 liability. While this time Defendant County does not does not cite to cases it previously had, such result is still the same - "the specific identity of the policymaker is a legal question that need not be pled." *Groden v. City of Dallas,* 826 F.3d 280, 284 (5th Cir. 2016); see also *Balle v. Nueces Cty*., 952 F.3d 552, 559 (5th Cir. 2017) (reaffirming

*Groden* that "the specific identity of the policymaker is a legal question that need not be pled" in the complaint to survive a motion to dismiss); *Hughes v. City of Dallas*, No. 3:18-cv-1770-B, 2020 U.S. Dist. LEXIS 144460, *7-8 (N.D. Tex. Aug. 11, 2020) (following *Groden* that for purposes of a motion to dismiss, "the specific identity of the policymaker is a legal question that need not be pled"); *Longoria Next Friend of M.L. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 271 (5th Cir. 2019) (citing and affirming *Groden*).  As to Defendant's assertion that Plaintiffs have not adequately plead a *Monell* "moving force" element, Plaintiffs would assert that such argument is without merit and that if any of the multiple factual/legal circumstances plead by Plaintiffs existed at the time of Dean's death, Dean's suicide would certainly be "causally linked" – as opposed to "as a result of" – to such deficiencies.

Accordingly, Plaintiffs request that this Court deny *Defendant County's Motion to Dismiss* on such basis and at this stage in the proceedings.

   4.   **<u>Single-Incident Exception</u>**

To the extent that Defendant County attempts (in a seemingly summary-judgment-style fashion) to attack the utility of the "Single-Incident Exception" to the typical *Monell* rubric, Plaintiffs assert that such analysis requires that which Defendant County fights against – discovery. As mentioned by Defendant County in their *Motion to Dismiss*, the Fifth Circuit has repeatedly followed the direction of the United States Supreme Court and found that "a single incident of misconduct can, in the right circumstances, give rise to a claim of deliberate indifference" when the need for training (*i.e.* to the medical needs of those who would harm themselves) and the violation of rights is a "'highly predictable consequence' of the failure to train." *Thompson v. Connick*, 553 F.3d 836, 852-53 (5th Cir. 2008) (internal citations omitted).  Even recently, the Fifth Circuit again addressed such exception in again stating that deliberate indifference from a single

11

incident can form the basis of a *Monell* claim when "it *should have been* apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Edwards v, Oliver*, 802 Fed. Appx. 113,116 (5th Cir. 2020) (*emphasis added*).

Based on the fact that the need for training concerning suicide prevention is without a doubt obvious and that a failure to provide same would inevitably result in deaths concerning same, as well as the litany of facts concerning the improper treatment, supervision and otherwise (just based on the reports of Defendant County alone) in *this* case, Plaintiffs request that this Court deny *Defendant County's Motion to Dismiss* at this stage in the proceedings and allow for discovery of such issues, among others.

B.   **ADA CLAIMS**

To the extent Plaintiff's prior response to Defendant County's concerns surrounding Plaintiffs' ADA claims is helpful and/or responsive to the current motion, Plaintiffs would incorporate herein by reference same.

To the extent that Defendant County now argues in their *Motion to Dismiss* that Plaintiffs have "not pleaded any facts showing that Tarrant County knew that some further accommodation was necessary," Plaintiffs would point out that at this stage, they have plead that while it *seems* Defendant County states it placed Dean in some sort of "protective custody," such lip-service alone (when there really was no accommodation at all and/or a complete lack of implementation of same) is insufficient to defeat Plaintiffs' pleadings.  In other words, there exists a significant question about the actual existence of any accommodation allegedly provided and whether further accommodations were necessary.

Additionally in its *Motion to Dismiss*, Defendant County again spends effort addressing some notion or form of *Monell* liability (*i.e.* rare instances, no notice, following policies, etc…), seemingly arguing some notice for liability to attach.  While such attempt *might* bear weight under failure-to-protect claims under §1983, such has no application to ADA claims, where liability is premised on *respondeat superior* alone.  *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574-575 (5th Cir. 2002).

Accordingly, Defendant County's *Motion to Dismiss* should again be denied on such issues.

### III.
### LEAVE TO CORRECT ANY DEFICIENCIES

In the alternative and despite the fact that Plaintiffs believe their claims to be well-plead, should this Court determine that Plaintiffs have not met their pleading burden as to any claim addressed by Defendants and/or plead in this case, Plaintiffs hereby request leave to amend Plaintiffs' live complaint to correct such deficiencies prior to dismissal by this Court.  *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [internal citations omitted]").

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Court deny *Defendant County's Motion to Dismiss*, and grant Plaintiffs such other and further relief, either at law or equity to which they may be justly entitled.  In the alternative, should this Court determine Plaintiffs have failed to adequately plead any claim for relief, Plaintiffs request the Court to grant Plaintiffs leave to amend same prior to dismissal.

        Respectfully submitted,

        By: /s/ *Christopher J. Gale*
        Christopher J. Gale
        Texas Bar No. 00793766
        Email: Chris@GaleLawGroup.com
        *Attorney-In-Charge for Plaintiffs*
        GALE LAW GROUP, PLLC
        525 Clifford Street
        Corpus Christi, Texas 78404
        Mailing Address:
        P.O. Box 2591
        Corpus Christi, Texas 78403
        Telephone: (361) 808-4444
        Telecopier: (361) 232-4139

## NOTICE OF ELECTRONIC FILING

      The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Northern District of Texas on the 25th day of February, 2022.

        /s/ *Christopher J. Gale*
        Christopher J. Gale

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 25th day of February, 2022, the above and foregoing was sent to the following counsel of record by the means indicated below:

| | |
|---|---|
| M. Keith Ogle<br>Assistant Criminal District Attorney<br>Tarrant County Criminal District Attorney's Office<br>401 W. Belknap, 9th Floor<br>Fort Worth, Texas 76196 | *Via E-File Notification* |
| Kenneth E. East<br>THE LAW OFFICE OF KENNETH E. EAST<br>306 W. 7th Street, Suite 600<br>Fort Worth, Texas 76102 | *Via E-File Notification* |
| James T. Jeffrey, Jr.<br>LAW OFFICES OF JIM JEFFREY<br>3200 W. Arkansas Lane<br>Arlington, Texas 76016 | *Via E-File Notification* |
| Brian K. Garrett<br>BLAIES & HIGHTOWER LLP<br>420 Throckmorton Street, Suite 1200<br>Fort Worth, Texas 76102 | *Via E-File Notification* |

/s/ *Christopher J. Gale*
Christopher J. Gale